No. 88-125

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

LOWELL JEAN WILLIAMS,

Plaintiff and Appellant,

-vs-

RONALD RIGLER, KARI RIGLER,
and THELMA GRAY,

Defendants and Respondents.

APPEAL FROM: District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

K. Robert Foster, Bozeman, Montana

For Respondent:

Gene I. Brown; Landoe, Brown, Planalp & Kommers,
Bozeman, Montana
Arnold Huppert; Huppert & Swindlehurst, Livingston,
Montana

Submitted on Briefs: Aug. 18, 1988

Decided: September 27, 1988

Filed: SEP 2 7 1988

Ethl m. Harrison
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Williams brought an action for libel and slander against Park County and the Park County Sheriff, Robert Oakland. He also brought an action for libel and slander against Ronald Rigler, Kari Rigler, and Thelma Gray. Since both actions sought damages arising out of related incidents, they were consolidated for trial. The jury returned a verdict in favor of all defendants in the District Court for the Sixth Judicial District, Park County. Mr. Williams appeals the judgment entered in favor of the Riglers and Thelma Gray only. We affirm.

The issues are:

1. Should this appeal be dismissed based on the lack of a full transcript submitted by plaintiff for our review?

2. Did the District Court abuse its discretion in refusing challenges to the jury for cause?

3. Did the District Court err in allowing the defendants eight peremptory challenges?

4. Were statements made during defense counsel's closing argument an improper appeal to local prejudice?

Plaintiff submitted only a partial transcript essentially covering the pretrial rulings, voir dire, and opening and closing arguments. The transcript does not include any of the testimony submitted in the course of the jury trial. In his brief plaintiff refers to various interrogatories and admissions, apparently contending these establish the facts of the case. The record does not warrant that conclusion. As a result, we actually have no record from which we may summarize the pertinent facts. For the assistance of parties reading the case, we will briefly summarize the contentions on the part of the plaintiff as set forth in his brief.

Plaintiff contends that Mr. and Mrs. Rigler filed criminal trespass charges against him after he was discovered on their ranch, owned by Telma Gray, near Emigrant, Montana. Plaintiff also contends that various anonymous threatening phone calls were made to the Riglers. Plaintiff further contends that the Livingston Enterprise printed various statements connecting the anonymous calls and the criminal trespass charges, with reference being made to "horn hunters" in the area. From his brief it does not appear that plaintiff contends his name even appeared in the newspaper articles. Plaintiff contends that it subsequently appeared that the Riglers had staged the various anonymous phone calls. Plaintiff then filed libel and slander actions against the Riglers, Thelma Gray, Park County and the Park County Sheriff, as well as the Livingston Enterprise. The Livingston Enterprise was granted summary judgment. Plaintiff appeals the jury verdict in favor of the Riglers and Thelma Gray.

I

Should this appeal be dismissed based on the lack of a full transcript submitted by plaintiff for our review?

Before proceeding to the substantive issues raised by plaintiff, we address the defendants' motion to dismiss this appeal based on a failure to comply with the Montana Rules of Appellate Procedure. Rule 9(b), M.R.App.P., allows a party to submit a partial transcript for appeal, but requires a description of the included parts and a statement of the prospective issues to be served on the respondent. The plaintiff submitted a partial transcript to this Court but failed to comply with the above requirements to allow the respondent to reply to the adequacy of the transcript prior to this appeal. It would be appropriate to dismiss the appeal as a result of plaintiff's disregarding the rules.

3

However, this Court has concluded that an appeal need not be automatically dismissed in every instance where the Rules of Appellate Procedure have not strictly been followed. Garza v. Peppard (Mont. 1984), 689 P.2d 279, 280, 41 St.Rep. 1922, 1923. Because the record does contain sufficient information to consider the significant issues on challenges to the jury, we will consider those aspects of the appeal.

II

Did the District Court abuse its discretion in refusing challenges to the jury for cause?

The plaintiff argues that two jurors who considered themselves to be defense counsel's current clients should have been excused when challenged for cause. Montana's statute listing the grounds for challenges to jurors for cause does not address past or present business relations between a juror and an attorney involved in the case. Section 25-7-223, MCA. In absence of specific statutory authority rendering a juror client incompetent, we will defer to the discretion of the District Court, whose judgment will not be set aside unless a clear abuse of discretion is shown. Abernathy v. Eline Oil Field Services (1982), 200 Mont. 205, 214, 650 P.2d 772, 777.

The transcript reveals that although both jurors considered defense counsel to be their attorney, neither had any business pending with him at the time of trial. When asked by the judge, one of the jurors answered that her past relationship with counsel would not reflect on her ability to act as a juror. Because the District Court confirmed that no present business was pending between either of the jurors and defense counsel, we find no abuse of discretion by the District Court in refusing Williams' challenges for cause.

4

Did the District Court err in allowing the defendants eight peremptory challenges?

The plaintiff claims that the District Court should not have allowed a total of eight peremptory challenges to the defense. Four were awarded to Park County and the Park County Sheriff, and four to the Riglers and Thelma Gray.

Each party is entitled to four peremptory challenges under § 25-7-224(1), MCA. "Each party" has been interpreted to mean "each side," unless the position of the codefendants is shown to be "hostile." Hunsaker v. Bozeman Deaconess Foundation (1978), 179 Mont. 305, 313, 588 P.2d 493, 499. For this Court to uphold an uneven grant of peremptory challenges, we must be convinced that the District Court concluded from the pleadings, representations, or evidence that hostility existed and that the court set forth the reasons for its ruling. Hunsaker, 588 P.2d at 501.

The issue of peremptory challenges was first raised in this case at the pretrial level. The court heard argument from all parties and invited briefs on the matter prior to its ruling that each defendant would be allowed four peremptory challenges. The District Court reasoned that because the suits against the defendants were consolidated involuntarily, hostility was present. The defendants in the present action contend that they did not make any statements to the media so that if they had been found responsible in any manner to the plaintiff, they would have sought indemnity from the Park County Sheriff who actually made the statements to the newspaper. The District Court concluded that the interests of the parties were adverse on the claim of indemnity theory. We affirm the holding of the District Court in granting four peremptory challenges to each set of defendants.

IV

Were statements made during defense counsel's closing argument an improper appeal to local prejudice?

In the absence of a transcript of the evidence submitted to the jury, we are not able to consider plaintiff's contention that defense counsel made improper appeal to local prejudice. We note this was a libel and slander action which in itself apparently raised questions with regard to the plaintiff's reputation. In the absence of a transcript we are not able to evaluate the accuracy or necessity of closing argument.

We decline to address the plaintiff's closing argument issue. We affirm.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

6