No. 99-385

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 326

303 Mont. 37

15 P. 3d 386

VIVIAN ARMSTRONG,

Plaintiff and Respondent,

v.

DONALD GONDEIRO,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gary L. Walton, Gary L. Walton, PLLC, Butte, Montana

For Respondent:

Norman L. Newhall, Linnell, Newhall, Martin & Schulke, P.C.,

Great Falls, Montana

Submitted on Briefs: May 11, 2000
Decided: December 12, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1 The Plaintiff, Vivian Armstrong, filed this action in the District Court for the Eighth Judicial District in Cascade County to recover damages allegedly caused by the negligence of the Defendants, Donna Karns and Donald Gondeiro. Following a jury trial, damages were awarded against Karns but none were awarded against Gondeiro. The District Court granted Armstrong's motion for a new trial of the claim against Gondeiro, who appeals the District Court's order. We affirm the order of the District Court.

¶2 The following issues are presented for review:

¶3 1. Have Armstrong's claims against Gondeiro been satisfied by the judgment paid by Karns?

¶4 2. Did the District Court abuse its discretion when it granted Armstrong's motion for a new trial?

¶5 3. Did the District Court err when it granted Armstrong's motion for judgment as a matter of law?

## FACTUAL BACKGROUND

¶6 On November 14, 1997, Vivian Armstrong filed a complaint in which she named Donna Karns and Donald Gondeiro as Defendants. Armstrong alleged that on November 18, 1994, Karns negligently drove her vehicle into the rear of the vehicle in which Armstrong was a passenger and injured her. Armstrong also alleged that on April 10, 1995, while she was crossing a street, Gondeiro negligently struck her with his vehicle and injured her. Armstrong alleged that her injury that resulted from each incident was indivisible and that, therefore, both Karns and Gondeiro were liable for the entire amount of her damages.

¶7 On January 15, 1999, Karns moved the District Court for an order granting each Defendant four peremptory challenges to the jury panel. Karns asserted that Gondeiro's and her theories were adverse to each other. Gondeiro joined Karns' motion.

¶8 On February 1, 1999, the District Court entered its pretrial order. The parties agreed that Karns was negligent and that as a result Armstrong was injured. Karns contested only the amount of Armstrong's

damages. Gondeiro, however, denied that he was negligent and denied that he injured Armstrong. The District Court granted Karns' motion and awarded both Karns and Gondeiro four peremptory challenges to the jury panel. The District Court found:

> The interests of the defendants are hostile. Each defendant is attempting to pass the blame off to the other defendant by asserting that the plaintiff's damages are related to either the first or the second accident.

¶9 At the conclusion of the evidence, the District Court held that Gondeiro was negligent as a matter of law, however, following trial, the jury found that Gondeiro's negligence did not cause injury to Armstrong. The jury found that Karns' negligence did cause injury to Armstrong and that Armstrong's damages were $43,737.04.

¶10 Following the jury verdict, Armstrong moved for a new trial because the District Court granted both Karns and Gondeiro four peremptory challenges. On April 22, 1999, the District Court granted Armstrong's motion for a new trial. It stated:

> [T]he Defendants were each addressing completely different issues. Karns had already admitted liability and was litigating only the issue of damages; whereas, Gondeiro was addressing the issue of causation, i.e., did his negligence on April 10, 1995, cause Armstrong's injuries. In seeking additional peremptory challenges, Karns and Gondeiro attempted to show that their interests were requisitely hostile to each other. However, aside from denying their own negligence was the cause of Armstrong's injuries, Karns and Gondeiro's only evidence to support a finding of hostility is that Gondeiro pursued a course of discovery to establish that Armstrong's injuries were preexisting.

Gondeiro now appeals from the judgment of the District Court.

## DISCUSSION

## ISSUE 1

¶11 Have Armstrong's claims against Gondeiro been satisfied by the judgment paid by Karns?

¶12 Gondeiro's first argument on appeal is that since damages allegedly caused by Karns and Gondeiro were indivisible, payment of the judgment entered against Karns satisfied any claim against Gondeiro. Whether Armstrong's acceptance of the judgment satisfies her claim against Gondeiro is an issue of law. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *Carbon*

*County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶13 Gondeiro takes the position that Armstrong's claims were satisfied by Armstrong's acceptance of the judgment, based on his assumption that the jury applied the "single indivisible injury rule." The single indivisible injury rule can apply even though there is no concert of action between the defendants. *Azure v. City of Billings* (1979), 182 Mont. 234, 251, 596 P.2d 460, 470. The rule serves to shift the burden of proving the divisibility of an injury to defendants who have, by separate acts, been found to have caused injury to the plaintiff. *Azure*, 182 Mont. at 253, 596 P.2d at 251. If the harm is not divisible between the defendants, then joint and several liability will be imposed on both. *Azure*, 182 Mont. at 251, 596 P.2d at 470. Gondeiro asserts that application of the single indivisible injury rule should preclude Armstrong's claims against him. While we agree with Gondeiro's characterization of the single indivisible injury rule, we conclude that it does not bar Armstrong's claims because, as illustrated by the jury instructions, the rule was not applied by the jury.

¶14 Specifically, jury instruction No. 9 directed the jury to find one award of total damages "*if* you find that the acts or omissions *of each Defendant* were a cause of Plaintiff's injuries." (Emphasis added.) Instruction No. 28 allowed the jury to render a single sum verdict only "[*if* ] you find that Vivian Armstrong is entitled to recover damages *against more than one defendant.*" (Emphasis added.)

¶15 Gondeiro's argument ignores the jury's determination that his negligence did not cause Armstrong's injuries and therefore did not award damages that he obviously caused. For example, the uncontroverted evidence at trial was that Armstrong received medical treatment as a result of the Gondeiro accident, including $520.42 for an ambulance and $3693.09 for hospital services from April 10 to 12, 1995. These damages were obviously not attributable to Karns. The jury awarded damages for only the injury caused by Karns because it found no injury was caused by Gondeiro. Therefore, the District Court properly held that satisfaction of the judgment against Karns did not satisfy all damage claims against Gondeiro.

## ISSUE 2

¶16 Did the District Court abuse its discretion when it granted Armstrong's motion for a new trial?

¶17 We review a district court order granting a new trial pursuant to § 25-11-102(1) and (7), MCA, for a manifest abuse of discretion. *Benson v. Heritage Inn, Inc.*, 1998 MT 330, ¶ 13, 292 Mont. 268, ¶ 13, 971 P.2d 1227, ¶ 13. "The decision to grant or deny a new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of that discretion." *Baxter v. Archie Cochrane Motors, Inc.* (1995), 271 Mont. 286, 287-88, 895 P.2d 631, 632.

¶18 Section 25-11-102, MCA, provides the grounds for a new trial:

> The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:
>
> . . . .
>
> (7) error in law occurring at the trial and excepted to by the party making the application.

¶19 Gondeiro contends that the District Court abused its discretion when it concluded that it had erred when it granted each Defendant four peremptory challenges. Armstrong responds that the District Court's conclusion was correct because the Defendants' positions were not hostile.

¶20 The role of a jury in both civil and criminal cases is to resolve disputed issues of fact. *State v. DeVore*, 1998 MT 340, ¶ 37, 292 Mont. 325, ¶ 37, 972 P.2d 816, ¶ 37. Where issues of fact exist, the jury is the ultimate trier of the case and fairness requires that both parties have an equal opportunity to shape the jury's composition by being provided an equal number of peremptory challenges. *DeVore*, ¶ 37. "A peremptory challenge is a challenge to a prospective juror for which no reason need be given or cause assigned." 47 Am. Jur. 2d *Jury* § 234 (1995). Section 25-7-224, MCA, provides each party with four peremptory challenges. In civil actions where there are several plaintiffs or several defendants, the general rule is that all parties on the same side are entitled to only the number of peremptory challenges allowed a single plaintiff or defendant. *See* 50A C.J.S. *Juries* § 427 (1997); *Bueling v. Swift*, 1998 MT 112, ¶ 15, 288 Mont. 472, ¶ 15, 958 P.2d 694, ¶ 15. The exception to the rule is when litigants on the same side are adverse to each other with respect to an issue of fact that the jury will decide. *Garcia v. Central Power & Light Co.* (Tex. 1986), 704 S.W.2d 734, 736. If coparties are not adverse and are provided

with additional peremptory challenges, then they have no motive to exercise their challenges against each other and instead exercise them against their opponent. S*ee Wardell v. McMillan* (Wyo. 1992), 844 P.2d 1052, 1061. "The side with the greater number of peremptory challenges clearly has a tactical advantage created by its ability to eliminate potentially unfavorable jurors without cause." *King v. Special Resource Management, Inc.* (1993), 256 Mont. 367, 371, 846 P.2d 1038, 1041. Such an advantage affects the composition of the jury and implicates the right to a fair trial. *See Wardell*, 844 P.2d at 1061. In *Bueling,* we stated:

> This Court has interpreted "each party" to mean each side, unless the codefendants are hostile to one another . . . "district courts have no discretion in granting additional peremptory challenges. Multiple parties on one side are either hostile or they are not hostile." The district court must determine hostility on a case-by-case basis.

*Bueling*, ¶ 15. The Wyoming Supreme Court has provided the following factors for determining hostility among coparties:

> An illustrative, but not exhaustive, list of factors to be considered would include: (1) whether separate acts of misconduct were alleged against the defendants; (2) whether comparative negligence principles applied to the case; (3) the type of relationship among the defendants; (4) whether cross-claims or third party complaints had been filed and the positions taken therein; (5) information disclosed by pretrial discovery; and (6) representations made by the parties.

*Wardell v. McMillan* (Wyo. 1992), 844 P.2d 1052, 1061. The existence of hostility between litigants is a question of law. *See Hunsaker v. Bozeman Deaconess Found.* (1978), 179 Mont. 305, 315, 588 P.2d 493, 500. We review a district court's conclusions of law to determine if they are correct. *McCormick v. Brevig*, 1999 MT 86, ¶ 73, 294 Mont. 144, ¶ 73, 980 P.2d 603, ¶ 73. The district court determines hostility before the beginning of voir dire and bases its determination only on the facts present at the time of its ruling. *Bueling*, ¶ 12. "[I]f an appellate review determines that peremptory challenges were improperly granted, prejudice is presumed as a matter of law." *King*, 256 Mont. at 374, 846 P.2d at 1042.

¶21 Gondeiro contends that the District Court correctly granted each Defendant four peremptory challenges because his and Karns' theories of the case were hostile. He argues

that the "lawsuit combined two separate and distinct claims against two distinct defendants," which "arose out of two separate and distinct transactions." Gondeiro asserts that "separate acts of negligence against each defendant, on its face, suggests hostility."

¶22 Armstrong responds that Gondeiro and Karns were addressing different issues that were not adverse or hostile. Armstrong asserts that during discovery Karns made no effort to show that Gondeiro was negligent or that he caused Armstrong's injuries.

¶23 In this case, Armstrong alleged separate acts of negligence; the allegedly negligent acts occurred independently of each other; Gondeiro and Karns had no relationship prior to becoming defendants; and neither Gondeiro nor Karns filed either a cross-claim or a third-party complaint. Further, before trial Karns conceded that her negligence caused injury to Armstrong. Karns proceeded to trial for the purpose of disputing the amount of damages she owed to Armstrong. Conversely, before trial, Gondeiro asserted that he was not negligent and that if he was negligent, his negligence did not cause Armstrong's injury. The District Court correctly found that "aside from denying their own negligence was the cause of Armstrong's injuries, Karns and Gondeiro's only evidence to support a finding of hostility is that Gondeiro pursued a course of discovery to establish that Armstrong's injuries were preexisting." We hold that the District Court did not err when it concluded that Gondeiro's and Karns' theories were not hostile. By providing Gondeiro and Karns each with four peremptory challenges when their interests were not hostile, the District Court gave them a clear tactical advantage by permitting them to eliminate twice the appropriate number of unfavorable jurors without cause. *See King*, 256 Mont. at 371, 846 P.2d at 1041. We hold that the District Court did not abuse its discretion when it granted Armstrong a new trial.

## ISSUE 3

¶24 Did the District Court err when it granted Armstrong's motion for judgment as a matter of law?

¶25 A motion for judgment as a matter of law is governed by Rule 50(a), M.R.Civ.P., which provides:

> (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion

for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

¶26 We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. *Carbon County,* 271 Mont. at 469, 898 P.2d at 686. Judgment as a matter of law is properly granted only when there is a complete absence of any evidence which would justify submitting an issue to a jury and all such evidence and any legitimate inferences that might be drawn from that evidence must be considered in the light most favorable to the party opposing the motion. D*urden v. Hydro Flame Corp.*, 1998 MT 47, ¶ 22, 288 Mont. 1, ¶ 22, 955 P.2d 160, ¶ 22

¶27 Gondeiro argues that the District Court erred when it granted Armstrong's motion for judgment as a matter of law, because there was a factual dispute about whether his vehicle actually made contact with Armstrong. However, even if this Court views the evidence in a light most favorable to Gondeiro and concludes that Gondeiro's truck did not strike Armstrong, Gondeiro remains negligent as a matter of law pursuant to § 61-8-502, MCA. The uncontradicted evidence showed that Gondeiro was turning his truck onto the street that Armstrong was crossing in an unmarked crosswalk at the intersection; that Gondeiro did not see Armstrong until he was making the turn; that Gondeiro then applied the brakes; that his truck either bumped Armstrong or very nearly missed her; and that she fell to the pavement as a result of the collision or near collision. Whether Gondeiro's vehicle actually struck Armstrong is irrelevant; Gondeiro failed to yield to a pedestrian crossing the roadway within an unmarked crosswalk at an intersection. He therefore violated § 61-8-502, MCA, and was negligent as a matter of law.

¶28 Moreover, the District Court's finding of negligence as a matter of law did not preclude Gondeiro from arguing causation. The District Court allowed Gondeiro to argue that his negligence did not cause Armstrong's injuries. After hearing the evidence, the jury chose not to attribute any of Armstrong's damages to the negligent acts of Gondeiro. Thus, holding Gondeiro negligent as a matter of law had a substantially different effect than imposing liability as a matter of law.

¶29 Based on the evidence presented, the trial court correctly determined that Gondeiro was negligent as a matter of law. We therefore affirm the judgment of the District Court.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

Justice W. William Leaphart, dissenting.

¶30 I concur with issue number three, dissent as to issue two and I would not reach issue number one.

¶31Armstrong filed suit against two defendants, Karns and Gondeiro. The District Court found that Karns and Gondeiro were hostile to one another and therefore granted four peremptory challenges to each of them. At trial, the jury found that although Karns' negligence caused injury to Armstrong, Gondeiro's negligence did not. Thus there was a defense verdict for Gondeiro and a plaintiff's verdict against Karns.

¶32 Armstrong then sought a new trial against Gondeiro arguing that the finding of hostility between Karns and Gondeiro was in error and thus the court should not have granted four extra peremptory challenges. The District Court agreed, concluding that its initial finding of hostility was in error. On appeal, this Court upholds the granting of the new trial.

¶33 I would hold that Armstrong, having accepted the benefits of the verdict against Karns, is estopped from challenging the defense verdict for Gondeiro. As the Court recognizes, in giving both defendants four peremptory challenges, the District Court "gave *them* a clear tactical advantage by permitting *them* to eliminate twice the appropriate number of unfavorable jurors without cause." (Emphasis added.) Accordingly, if the District Court erred, it erred as to both defendants. The unfair advantage corrupted the entire verdict. Armstrong cannot, at her convenience, contend that the unfairness was harmless to the extent she prevailed and prejudicial when she did not. Either the process was unfair to Armstrong or it was not. She cannot, "run with the hare and hold with the hounds." John Lyly, Euphus (1579). I would reverse the granting of the new trial.

/S/ W. WILLIAM LEAPHART

Justice Karla M. Gray, joins in the foregoing dissenting opinion.

/S/ KARLA M. GRAY