JUSTICE LEAPHART
dissenting.
¶58 I dissent. I would reverse the conviction due to the court’s failure to grant challenges for cause to two of the venirewomen who indicated that their state of mind would prevent them from acting with entire impartiality and without prejudice to the substantial rights of either party. Section 46-16-115(2), MCA.
¶59 Turning first to jury panelist A.C. This panelist advised the court that she had read about the case in the newspaper and, although she understood that what she read was not evidence, she was not sure that she could set aside the information and judge the defendant solely on the evidence or whether she could be fair and impartial. She indicated that she could “probably” follow the judge’s instructions “to the best of [her] ability.” When asked by defense counsel whether she felt Falls Down was innocent as he sat before her, she indicated, “I don’t know if I can answer that. I don’t know if he is or not.” Counsel then inquired further as to her state of mind concerning his presumed innocence, to which she responded: “Hmm, that’s a good question. I’m feeling very nervous.” In telling fashion, she stated, “I really don’t know. My first instinct would be that he certainly was involved in this at least. To what extent, I don’t know.”
¶60 When asked whether she would have a difficult time setting her opinion aside, A.C. said, “I would probably have a difficult time doing that. But if you want be here, we can make that happen.” Defense counsel asked her if she could be fair and impartial and objective and not judge the defendant as she sat there today. A.C. said, “Well, I could try to be, but I can’t guarantee that, no.” Clearly, when A.C. could not guarantee that she could be fair and impartial, her state of mind was such that it would prevent her from acting with entire impartiality and *231 without prejudice to the rights of defendant Falls Down. The District Court abused its discretion in denying Falls Down’s challenge for cause under § 46-16-115(2), MCA.
¶61 Prospective juror M.S. had also been exposed to information about the case in newspaper articles. As the dialogue quoted by the Court indicates, she unequivocally stated that she had formed an opinion about the defendant’s guilt, “He is guilty.” Although, the prosecutor got her to say that she would ignore her opinion if she were in court, she nonetheless conceded that if she were the defendant, she would not feel comfortable if a juror on her case held that opinion (as did she) that she was guilty. As with A.C., prospective juror M.S. clearly evinces a state of mind such that it would prevent her from acting with entire impartiality and without prejudice to the rights of defendant Falls Down. The District Court abused its discretion in denying Falls Down’s challenge for cause under § 46-16-115(2), MCA.
¶62 A defendant charged with a crime is entitled to an impartial jury of his or her peers. Art. II, Sec. 24, Mont. Const. A district court should jealously protect this right by liberally granting challenges for cause leveled at veniremen and women who, like A.C. and M.S., clearly have formed an opinion about the defendant’s guilt. With some forty-eight unchallenged, prospective jurors remaining on the panel, the court should have excused those jurors whose frame of mind was obviously tainted by exposure to news coverage and moved on to panelists who could, without need of “coaxed recantations,” be impartial and objective. State v. Freshment, 2002 MT 61, ¶ 12, 309 Mont. 154, ¶ 12, 43 P.3d 968, ¶ 12.
¶63 The District Court abused its discretion in denying the challenges for cause to A.C. and M.S., thereby forcing Falls Down to unnecessarily waste two of his six peremptory challenges to which he was entitled by law. State v. Williams (1993), 262 Mont. 530, 537, 866 P.2d 1099, 1103, overruled in part by State v. Good, 2002 MT 59, 309 Mont. 113, 43 P.3d 948. Falls Down’s number of peremptory challenges was thus not equal to that of the State. Armstrong v. Gondeiro, 2000 MT 326, 303 Mont. 37, 15 P.3d 386. As a result, Falls Down was denied his right to a fair and impartial jury and his right to due process of law.