FILED

11/01/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0594

DA 21-0594

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 219N

KIRK B. REISBECK,

      Plaintiff and Appellant,

    v.

FARMERS INSURANCE EXCHANGE,

      Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV-2017-696
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Dennis P. Conner, Gregory G. Pinski, James R. Conner, Conner, Marr
& Pinski, PLLP, Great Falls, Montana

      For Appellee:

      Nicholas J. Pagnotta, Williams Law Firm, P.C., Missoula, Montana

      Christopher C. Voigt, Crowley Fleck, PLLP, Billings, Montana

Submitted on Briefs:  September 21, 2022

Decided:  November 1, 2022

Filed:

_____
                   Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kirk Reisbeck appeals a Lewis and Clark County jury's special verdict in favor of his insurance company, Farmers Insurance Exchange. Following a car accident, Reisbeck sued Farmers for unpaid underinsured motorist (UIM) benefits and violations of Montana's Unfair Trade Practices Act (UTPA), § 33-18-201(4) and (6), MCA. The jury determined that Reisbeck was not injured in the accident and did not reach the issue of Farmers's liability under the UTPA. Reisbeck seeks a new trial, arguing that the District Court erred when it: (1) excluded Farmers's claims file from evidence; (2) denied Reisbeck's motion to bifurcate the trial; (3) denied Reisbeck's motion to excuse a prospective juror who stated he would require a higher burden of proof; and (4) denied Reisbeck's motion for a mistrial based on a question the trial judge posed to the jury. Reisbeck contends that the cumulative effect of these errors prejudiced his right to a fair trial. We affirm.

¶3 In September 2009, Darrell King rear-ended Reisbeck's vehicle in Helena, Montana. Reisbeck sued King, who had an automobile insurance policy with liability limits of $50,000. A jury found King liable for the accident and awarded Reisbeck $10,000 in damages. Before the District Court entered judgment on the jury's verdict, King and Reisbeck settled for King's policy limits, and Reisbeck dismissed his lawsuit against King.

¶4	Before the liability case went to trial, Reisbeck filed his complaint against Farmers in this case to recover UIM benefits under his own policy, alleging that King's policy limits were inadequate to make Reisbeck whole for his injuries. Farmers moved for summary judgment after Reisbeck's settlement with King, which the District Court granted. Our Opinion in *Reisbeck v. Farmers Insurance Exchange*, 2020 MT 171, 400 Mont. 345, 467 P.3d 557, details our reversal of the summary judgment order and our remand for further proceedings.

¶5	On remand, the lawsuit went to trial. Reisbeck alleged two claims against Farmers. The first was a breach of contract claim for unpaid UIM benefits. The second was a bad faith claim for violations of the UTPA, alleging that Farmers failed to conduct a reasonable investigation and neglected to attempt a fair settlement. Section 33-18-201(4), (6), MCA. The jury returned an 8-4 special verdict that the September 2009 accident did not cause injury to Reisbeck; following the verdict form's instructions, the jury did not deliberate Farmers's liability for the UTPA violations.

¶6	All issues Reisbeck raises are reviewed for abuse of discretion. *Seltzer v. Morton*, 2007 MT 62, ¶ 65, 336 Mont. 225, 154 P.3d 561 (admission of evidence); *Eklund v. Trost*, 2006 MT 333, ¶ 48, 335 Mont. 112, 151 P.3d 870 (bifurcation of trial); *Reff-Conlin's Inc. v. Fireman's Fund Ins. Co.*, 2002 MT 60, ¶ 16, 309 Mont. 142, 45 P.3d 863 (challenge to a potential juror for cause); *Harding v. Deiss*, 2000 MT 169, ¶ 19, 300 Mont. 312, 3 P.3d 1286 (declaration of a mistrial); *Estate of Frazier v. Miller*, 2021 MT 85, ¶ 12, 404 Mont.1, 484 P.3d 912 (trial administration).

**Exclusion of Farmers's Claims File**

¶7    The District Court refused Reisbeck's pretrial request to compel Farmers to produce its full, unredacted claims file, permitting Farmers to withhold or redact privileged material.  The court also granted Farmers's motion to preclude evidence of King's policy limits and Reisbeck's premiums, ruling that it was sufficient for the jury to know "that King's insurer paid its policy limit and that Reisbeck paid premiums to Farmers."  During trial, the District Court also denied Reisbeck's request to admit a redacted version of the entire claims file.

¶8    Reisbeck argues that the District Court abused its discretion when it refused to admit the claims file into evidence.  Reisbeck relies on *Lorang v. Fortis Insurance Co.*, holding that juries must be allowed to consider the insurer's own records when determining its liability under the UTPA.  2008 MT 252, ¶¶ 86, 89, 345 Mont. 12, 192 P.3d 186 (referring to § 33-18-201(4), (6), MCA).  Farmers responds that its claims file was inadmissible and properly excluded or, alternatively, that any error of admission was harmless because the jury never reached the issue of Farmers's liability under the UTPA.

¶9    We give great deference to jury verdicts in civil cases; our review of them, accordingly, is limited in scope.  *Seltzer*, ¶ 94.  We "must disregard all errors and defects that do not affect any party's substantial rights."  M. R. Civ. P. 61.  Reversal of a jury's verdict "cannot be predicated upon an error in admission of evidence, where the evidence in question was not of such character to have affected the result."  *In re A.N.*, 2000 MT 35, ¶ 55, 298 Mont. 237, 995 P.2d 427 (quoting *Lauman v. Lee*, 192 Mont. 84, 90, 626 P.2d 830, 834 (1981)).

4

¶10    For example, in *Wenger v. State Farm Mutual Automobile Insurance Co.*, we concluded that the trial court's admission of a plaintiff's entire medical history, though error, did not warrant reversal. 2021 MT 37, ¶¶ 28-29, 34, 403 Mont. 210, 483 P.3d 480. The jury found that the defendant was not negligent, and it thus never reached the issues of causation or damages, rendering the admission of the plaintiff's medical history harmless. *Wenger*, ¶ 29. Similarly, in *Howlett v. Chiropractic Center, P.C.*, we held that any error in allowing the defendant to introduce alternate causes of injury was harmless because the jury found that the defendant was not negligent and thus never reached the issue of causation. 2020 MT 74, ¶ 32, 399 Mont. 401, 460 P.3d 942; *see also Harris v. Hanson*, 2009 MT 13, ¶¶ 40-42, 349 Mont. 29, 201 P.3d 151 (holding that any error in the trial court's damages instructions was harmless because the jury was instructed to first consider negligence, and only if it found negligence—which it did not—to then consider damages).

¶11    In this case, the jury found that Reisbeck was not injured by the car accident and thus never reached the issue whether Farmers violated the UTPA. The first question on the special verdict form asked whether the car accident injured Reisbeck. The form instructed that if the jury's answer was "yes," it should proceed to the second and third questions regarding Reisbeck's damages (to calculate his UIM benefits) and his UTPA claim, respectively. But if the jury answered "no"—that Reisbeck was not injured in the accident—then the foreperson was simply to sign and date the form and return it to the bailiff. The jury marked "no" on the first question and returned the form.

5

¶12 Reisbeck wanted the claims file admitted into evidence to establish his UTPA bad faith investigation and settlement claims and to cross-examine and impeach Farmers's witnesses regarding those same claims. Reisbeck and Farmers both submitted proposed special verdict forms that used the same wording, directing the jury to conclude its deliberations if it found that Reisbeck was not injured. The jury never reached the UTPA issue after answering "no" to the first question.

¶13 "It is well established that 'acquiescence in error takes away the right of objecting to it.'" *Horn v. Bull River Country Store Props.*, 2012 MT 245, ¶ 25, 366 Mont. 491, 288 P.3d 218 (quoting *In re A.A.*, 2005 MT 119, ¶ 26, 327 Mont. 127, 112 P.3d 993). Reisbeck expressed concern in the final pretrial conference that Farmers framed its case around the notion that Reisbeck did not have an injury, but his own proposed verdict form used the same threshold wording for the first question. As the jury went no further than that first question directed, we conclude that any error under *Lorang* in the exclusion of the claims file did not affect Reisbeck's "substantial rights," was harmless, and is properly disregarded on appeal. M. R. Civ. P. 61.

¶14 Reisbeck briefly argues that the claims file was relevant not only to proving his UTPA claim, but also to proving his injury and thus his UIM claim. Reisbeck points out that the claims file included medical reports and diagnostic medical tests evidencing his brain injury from the collision that would have supported a finding of injury by the jury. To prove his injury, Reisbeck could have introduced the medical reports and tests independently and with proper foundation. By his bifurcation argument, addressed below, Reisbeck tacitly acknowledges that the claims file was not relevant to his UIM claim.

6

"District courts are vested with broad discretion in controlling the admission of evidence at trial." *Seltzer*, ¶ 65. Reisbeck fails to establish why the judge's decision to exclude the claims file for purposes of establishing injury was an abuse of discretion.

**Refusal to Bifurcate Trial**

¶15 When the District Court denied admission of the claims file before trial, Reisbeck moved to bifurcate the trial and try his two claims separately. Reisbeck argues that the District Court erred in denying this motion. Reisbeck hinges his argument on the court's exclusion of the claims file, arguing that if the court properly denied admission of the claims file for the breach of contract UIM claim, then the court should have bifurcated Reisbeck's claims and admitted the claims file in the UTPA trial per *Lorang*. Farmers responds that Reisbeck's motion for bifurcation was untimely or, alternatively, that bifurcation would have been improper because the claims are intertwined. As with the first issue, we decline to assess an alleged error that did not affect the jury's verdict. M. R. Civ. P. 61. The jury never reached the UTPA claim. Therefore, assuming Reisbeck timely made the motion, any error by the trial court in not bifurcating the trial to allow the claims file to be admitted in a separate UTPA trial also is properly disregarded by this Court on appeal.

**Denial of Challenge for Cause**

¶16 During voir dire, Reisbeck moved to disqualify a potential juror, Dr. Gary Mihelish. Mihelish, a retired dentist, stated that he had been an insurance company consultant and had adjudicated dental claims for twenty-five years. He described his experience with and concern about "frivolous claims" that nevertheless resulted in payouts from insurance

7

companies. Reisbeck's counsel asked Mihelish if he would be suspect of the plaintiff simply by the nature of the case being in court. Mihelish responded, "I would have to listen to the evidence." Reisbeck's counsel asked Mihelish if he would hold the plaintiff to a higher standard of proof. Mihelish responded, "Well, as you explained the standard for civil litigation, you're not held to a higher standard." Reisbeck's counsel then asked if Mihelish would want to hold the plaintiff "to a higher standard, in order to be able to recover those types of damages." Mihelish responded, "Yeah. I think would [sic]." Farmers's counsel then asked Mihelish if he would be willing to follow the trial court's jury instructions in rendering a decision; Mihelish answered that he would. Mihelish also answered that he held no preconceived notions about Reisbeck's case. The District Court denied Reisbeck's motion to disqualify Mihelish, reasoning that Mihelish "made it clear that he would make his verdict based upon the evidence presented in the case." Reisbeck used one of his peremptory challenges to strike Mihelish from the jury pool.

¶17 Reisbeck argues on appeal that the District Court abused its discretion when it denied Reisbeck's motion to excuse Mihelish for cause because Mihelish indicated that he would require more than a preponderance of evidence to hold Farmers liable. Farmers responds that an examination of the record, the statute, and our precedent does not reveal an abuse of discretion by the District Court in denying Reisbeck's motion to excuse the juror.

¶18 Montana law lists seven grounds on which a party may challenge a juror for cause. Section 25-7-223, MCA. At issue in this case is the seventh ground, "the existence of a state of mind in the juror evincing enmity against or bias in favor of either party." Section

8

25-7-223(7), MCA. When a party challenges a juror for cause, the challenge must be tried by the court and the juror challenged may be examined as a witness on the trial of the challenge. M. R. Civ. P. 47(a)(2).

¶19    In *Cooper v. Hanson*, we concluded that the reluctance of multiple jurors to apply the preponderance of the evidence standard, a juror's statement that a guilty verdict would be like a "life sentence" for the defendant, and the defendant's statement during closing that the verdict would be a "black mark" materially prejudiced the plaintiff's substantial right to a fair trial. 2010 MT 113, ¶ 37, 356 Mont. 309, 234 P.3d 59. On the other hand, we held in *Peterson-Tuell v. First Student Transportation, LLC*, that a juror did not demonstrate actual bias when he stated that, without evidence of causation, he would conclude that the plaintiff had no injury; the statement "was essentially a lay person's restatement of the burden of proof." 2014 MT 307, ¶¶ 25-26, 377 Mont. 113, 339 P.3d 16.

¶20    In this case, Mihelish's tentatively affirmative answer to the hypothetical question, "would you want to see more evidence from us, hold us to a higher standard," does not demonstrate a state of mind evincing bias against Reisbeck. Mihelish's first answers revealed his understanding that his decision would rest on the evidence and the explained standard of proof. Mihelish also had explained, as an advocate for people with mental illness, his personal familiarity with PTSD and emotional distress. He responded when asked that he "probably" could award over $1 million. Mihelish's subsequent statements that he would listen to the evidence, follow the trial court's instructions, and hold no preconceived notions about Reisbeck's case support the District Court's conclusion that he would be able to serve as an impartial juror.

9

¶21 Reisbeck maintains, however, that Farmers's counsel improperly coaxed Mihelish when he asked if Mihelish would be willing to listen to and follow the trial court's instructions and if he had any preconceived notions about the validity of Reisbeck's case. Mihelish answered "yes" and "no," respectively, to counsel's leading questions. We held in *State v. Johnson* that open-ended questions to investigate a juror's suspect statement are appropriate, but that "if a prospective juror's earlier unprompted responses to open[-]ended questions manifest a serious question about his or her ability to be fair and impartial, it is improper for counsel or the court to attempt to rehabilitate the juror through the use of leading or loaded questions, such as whether the juror will follow the law, jury instructions, or an order of the court." 2019 MT 68, ¶ 12, 395 Mont. 169, 437 P.3d 147. As explained above, Mihelish's spontaneous statements did not "manifest a serious question" about his ability to be fair and impartial. We thus conclude that the trial court did not abuse its discretion in denying Reisbeck's motion to excuse the juror for cause.

**Judicial Misconduct**

¶22 During a lengthy cross-examination of one of Farmers's witnesses, the presiding judge asked Reisbeck's counsel how many more questions he had about the witness's prior testimony and qualifications. Reisbeck's counsel responded, "I don't know, Your Honor. I have a lot of questions to ask her about her qualifications." The judge then said, "Let me ask the jury, do you have more desire to hear any questions about the doctor's qualifications? None? So let's take a break, we'll take about 15 minutes. I'll just give you the same admonishment." Reisbeck moved for a mistrial, which the District Court denied.

¶23     Reisbeck argues on appeal that the trial judge prejudiced Reisbeck's right to a fair trial when he asked the jurors if they wanted to hear any more about the witness's qualifications.  Farmers responds that the District Court appropriately controlled the trial by limiting cumulative questioning on collateral issues and setting time restraints.  Upon review, we conclude that the judge's comment, while perhaps improvident, was not "a plain exhibition to the jury of his own opinions in respect to the parties, or to their case" that denied Reisbeck a fair trial.  *State v. Brooks*, 57 Mont. 480, 490, 188 P. 942, 945 (1920).  The judge's comment was an attempt to expeditiously manage the presentation of evidence in a civil trial, an activity that is within a trial court's purview.  M. R. Evid. 611(a).  Without condoning its rhetorical question, we conclude that the District Court did not abuse its discretion.

**Cumulative Error**

¶24     Reisbeck argues that if the above four issues do not demonstrate reversible errors on their own, then they operated together to prejudice Reisbeck's right to a fair trial.  The cumulative error doctrine "concerns prejudice resulting from the cumulative effect of two or more individually harmless errors that, combined, have the same prejudicial effect as a single reversible error."  *Estate of Frazier*, ¶ 38.  We have concluded that any error in the exclusion of the claims file or denial of the motion for bifurcation was not prejudicial to Reisbeck's case.  We also have concluded that the District Court's refusal to excuse Dr. Mihelish for cause and the question the District Court posed to the jury were not errors.  Without error, Reisbeck has not demonstrated the requisite prejudice to satisfy the cumulative error doctrine.

11

¶25 We decide this case by Memorandum Opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules. Reisbeck's appeal presents no issues of first impression, and our Opinion does not establish new precedent or modify existing precedent. The District Court's judgment on the jury verdict is affirmed.

/S/ BETH BAKER

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR